UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CR-01058-JAR-1 |
| ) | 4:22-CR-00240-JAR-1 |
| JOHN H. LAUTH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's identical motions in two separate cases seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motions will be denied.

**BACKGROUND**

In April 2020, Defendant John Lauth pleaded guilty to one count of felon in possession of firearms in the Western District of Missouri. (W.D. Mo. Case No. 4:09-CR-00332-RK). In September 2010, he was sentenced to 188 months in prison and three years of supervised release. In August 2017, his prison sentence was amended to time served. In December 2019, supervision was transferred to this district. (E.D. Mo. Case No. 4:19-CR-01058-JAR).

In April 2022, Lauth failed to return to his residential center and, two months later, was arrested and charged with one count of escaping federal custody. (E.D. Mo. Case No. 4:22-CR-00240-JAR). He pleaded guilty and was sentenced to six months in prison and two years of supervision. (Doc. 47). Then in September 2023, while on supervised release, Lauth was arrested for possession of controlled substances. Consequently, the Court revoked his supervised release in the 2019 case and sentenced him to 21 months in prison, concurrent with the revocation sentence

in the 2022 case. (4:19-CR-1058, Doc. 44). Lauth is currently incarcerated at Butner Medium FCI in North Carolina with a projected release date of June 9, 2025. He is 61 years old.

In October 2024, Lauth filed motions for compassionate release in both cases, citing his failing health. Specifically, Lauth suffers from stage four cirrhosis and awaits a liver transplant. He also suffers from pulmonary hypertension, blocked arteries, an enlarged spleen, stomach and intestinal ulcers, neuropathy, and gout. As an alternative to a reduction in sentence, Lauth requests release on home confinement for the remainder of his term. The Government filed responses to both motions acknowledging Lauth's medical condition but opposing release as against the public interest.

## LEGAL STANDARDS

**First Step Act**

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As relevant here, "extraordinary and compelling reasons" include: (1) a terminal illness such as end-stage organ disease; (2) a serious medical condition that substantially diminishes a defendant's ability to provide self-care in the facility and from which he is not expected to recover; and (3) a medical condition that requires long-term or specialized medical

care that is not being provided and without which the defendant is at risk of serious deterioration or death. U.S.S.G. § 1B1.13(b)(1).

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors to this consideration include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019).

## DISCUSSION

As a preliminary matter, the Court finds, and the Government does not dispute, that Lauth exhausted his administrative remedies by submitting a request to the warden of his facility on May 25, 2024. (Doc. 47-1).

On the merits, the Government also does not dispute that Lauth's serious medical

conditions qualify as extraordinary reasons under U.S.S.G. § 1B1.13(b)(1). The Court notes, however, that Lauth's health problems – including stage four liver cirrhosis, hypertension, enlarged spleen, esophageal varices, and gout – were known and factored into consideration at the time of sentencing in the 2022 case, as reflected in the final presentence investigation report and sentencing recommendation of February 2023. (4:22-CR-00240, Doc. 42 at 17; Doc. 43 at 2). Further, Lauth's medical records (Doc. 68-2) suggest that he is being monitored and treated in prison, and he is scheduled to be released in just six months.

The second and third requirements focus on community safety and the history and characteristics of the defendant. These factors weigh heavily against early release here. Lauth has a long history of felony offenses and drug use and has repeatedly violated his release conditions. The Court continues to believe that Lauth's sentence is fair and just punishment, that he remains a danger to the community, and that his continued incarceration is necessary to protect public safety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for compassionate release are **DENIED**. (4:19-CR-1058, Doc. 47 and 4:22-CR-240, Doc. 68).

Dated this January 16, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4